# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PENNSYLVANIA PROTECTION  :
AND ADVOCACY, INC.,  :
  :
    Plaintiff,  :
  :    Civil Action No. 1:00-CV-1582
  v.  :
  :    (Judge William W. Caldwell)
DEPARTMENT OF PUBLIC  :
WELFARE OF THE  :
COMMONWELATH OF  :
PENNSYLVANIA, et al.,  :

**DEFENDANTS' APPLICATION FOR STAY OF PROCEEDINGS OR IN THE ALTERNATIVE, ENLARGEMENT OF TIME IN WHICH TO FILE DEFENDANTS' STATEMENT OF UNDISPUTED FACTS, DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANTS' BRIEF IN SUPPORT OF <u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.</u>**

Defendants, hereby move the Court for a stay of proceedings pending the

Court's decision on Defendants' Motion to Dismiss Plaintiff's Second Amended

Complaint, or alternatively, pursuant to Rule 6(b) of the Federal Rules of Civil

Procedure, an enlargement of time in which to file Defendants' Statement of

Undisputed Facts, Defendants' Brief in Opposition to Plaintiff's Motion for Partial

Summary Judgment and Defendants' Brief in support of their Motion for Summary

Judgment.  In support thereof, Defendants state the following:

    1.    Plaintiff, Pennsylvania Protection and Advocacy, Inc. ("PP&A, Inc.")

filed this action on September 6, 2000, challenging the operation of the South Mountain Restoration Center and of Title XIX of the Social Security Act, 42 U.S.C. § 1396; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134; the Due Process Clause of the Fourteenth Amendment; and various federal regulations.

2.    Since filing this action, plaintiffs have amended the complaint twice.

3.    The second amended complaint, filed on November 29, 2001, eliminated most of the complaints about the South Mountain Restoration Center facility under Title XIX, and all of the Due Process Clause claims. Plaintiffs also substituted Governor Mark Schweiker and Deputy Secretary Gerald Radke as Defendants for their respective predecessors.  Plaintiffs continue to assert the ADA and Section 504 claims.

4.    On January 11, 2002, Defendants filed a Motion to Dismiss all counts, on the grounds that the Eleventh Amendment barred the relief sought, PP&A lacked standing, and that PP&A, Inc. had failed to state a cause of action on which relief could be granted.

5.    On January 14, 2002, Defendants received PP&A, Inc.'s Motion for Partial Summary Judgment.

6.    On February 5, 2002, Defendants filed the Brief in support of their Motion to Dismiss Plaintiff's Second Amended Complaint.

7.    On January 22, 2002, this Court held a scheduling conference and entered the current scheduling order, from which Defendants herein seek relief in the form of a stay of proceedings pending the Court's decision on Defendants' Motion to Dismiss, or alternatively, an enlargement of time in which to file Defendants' Statement of Undisputed Facts, Defendants' Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment and Defendants' Brief in support of their Motion for Summary Judgment.

8.    Pursuant to this Court's January 22, 2002 scheduling order, Defendants' Motion for Summary Judgment is due to be filed on or before February 11, 2002.

9.    Pursuant to LR56.1 of this Court's local rules, Defendants' Statement of Undisputed Facts is due to be filed with its Motion for Summary Judgment on or before February 11, 2002.

10.    Pursuant to this Court's January 22, 2002 scheduling order, Defendants' Brief in support of their Motion for Summary Judgment is due to be filed on or before March 11, 2002.

**Application to Stay Proceedings**

11.    At the scheduling conference with the court, Defendants requested a stay of proceedings pending a decision on its Motion to Dismiss. Since that time Defendants' Brief in Support of its Motion to Dismiss has been filed. That Brief

describes in detail the reasons for the application of the Eleventh Amendment to the U.S. Constitution.

12.     It is respectfully submitted that despite this Court's prior ruling, a stay of the proceedings pending the Court's decision on Defendants' Motion to Dismiss is not only appropriate but required in light of the grounds asserted therein (i.e., the bar of the Eleventh Amendment to this proceeding and Defendants' challenge to jurisdiction).  Defendants' Brief in Support of Motion to Dismiss Second Amended Complaint, pp. 6-20, 32-46.

13.     In light of Defendants' assertion of the Eleventh Amendment, Defendants should not be compelled at this time to proceed further in the litigation, as the Eleventh Amendment provides "immunity from suit rather than a mere defense to liability," which would effectively be lost if Defendants are required to proceed in this litigation.  Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, 506 U.S. 139, 144, 113 S. Ct. 684, 687 (1993).

14.     As a second independent reason, because of Defendants' jurisdictional challenge, any consideration of the facts of Plaintiff's claims would, itself, be an improper exercise of jurisdiction, which must be found before the Court has authority to reach the merits of the case.     Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 118 S. Ct. 1003 (1998).

**Request for Enlargement of Time**

15.    In the alternative, Defendants request a thirty (30) day enlargement of time in which to file Defendants' Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment, Defendants' Brief in support of their Motion for Summary Judgment, and Defendants' Statement of Undisputed Facts.

16.    This case is large and complex insofar as it involves determinations regarding one-hundred and seventy five individuals, ninety four of whom were specifically mentioned in Plaintiff's Motion for Partial Summary Judgment.  In order to reply to Plaintiff's Motion, the state's treatment professionals are preparing declarations regarding each individual while they continue to treat these individuals on a daily basis.

17.    Plaintiffs have filed three complaints.  It was not until their Motion for Summary Judgment with the attached carton of exhibits that Defendants could know exactly which situations and individuals they needed to address.  Defendants have been diligently working to review and respond to the documents regarding these numerous situations and individuals.

18.    Counsel for Defendants is required to simultaneously respond to Plaintiff's lengthy Motion for Partial Summary Judgment as aforesaid, prepare its own Motion for Summary Judgment and prepare its own Statement of Undisputed Facts.

19.    Defendants are doing all of this having only recently consented to and received the Plaintiff's Second Amended Complaint and then being informed that Plaintiff's counsel had changed their mind and decided to file a Motion for Partial Summary Judgment, which they had previously told counsel for Defendants they were not filing.

20.    All of this was taking place while Defendants filed their Motion to Dismiss which contains grounds which, they respectfully submit will terminate this litigation or at the very least make it much smaller.  But in any case, the Motion to Dismiss should prevent the litigation from going forward until it is decided.

21.    Notwithstanding the foregoing, counsel for Defendants were endeavoring to proceed with the litigation as required by this Honorable Court's most recent scheduling order until the following unexpected turn of events.

22.    One of the three counsel of record, Senior Assistant Counsel for the Department of Public Welfare, Thomas J. Blazusiak, was recently informed of his wife's diagnosis of cancer.

a.    Attorney Blazusiak has had to take considerable time off from work recently to attend to his wife and arrange for her surgery, which is scheduled for February 13, 2002 at the hospital of the University of Pennsylvania.  She is expected to be hospitalized for at least 5 days.

b.    Attorney Blazusiak, who has a school-age child will not be able to

work on this case, or attend to his other duties as Senior Attorney for the Commonwealth for all or part of the next several weeks.

    c.  Although he has been devoting most of his time to this case and has taken the lead on the summary judgment phase of the defense, Attorney Blazusiak is also Senior Attorney in charge of inpatient hospitals, guardianship and healthcare fraud and abuse for the Commonwealth of Pennsylvania, Department of Public Welfare's Office of Legal Counsel.

    d.  The other two counsel of record are unable, without Attorney Blazusiak, to properly handle this case.  The Commonwealth does not have other resources to adequately replace Attorney Blazusiak given his knowledge obtained after long and intense involvement with this case.

23.    Defendants' counsel unsuccessfully sought Plaintiff's consent to this request for an enlargement of time. Attorney Blazusiak spoke preliminarily with Attorney Meek, Counsel for Plaintiff.  Subsequently when Attorney Blazusiak attempted to contact Attorney Meek, he was informed that Attorney Meek would be unavailable until Tuesday, February 12, 2002, the day after Defendants' Motion for Summary Judgment and Statement of Undisputed Facts is currently due.

24.    Attorney Blazusiak then contacted Attorney Shane, who he believes is Attorney Meek's supervisor.  Attorney Shane, while very sympathetic, indicated she was unable, because this was not her case, to agree to more than  allowing

Defendants to file their Statement of Undisputed Facts with their Brief rather than with their Motion.

25.    Attorney Shane indicated she was unable to consent to enlargement of the March 11, 2002 deadline for filing both the Reply to Plaintiff's Motion for Partial Summary Judgment and Defendants' own Brief in Support of its Motion for Summary Judgment because of scheduling concerns and her client's wishes.

26.    Defendants submit that the stay or the enlargement of time would promote the interest of justice by not requiring this case to proceed to the difficult and complex issues of fact until constitutional and jurisdictional thresholds are established.

27.    Defendants submit that the stay or the enlargement of time would not prejudice Plaintiff, given that PP&A, Inc. has eliminated all of its Due Process claims and most of its complaints about the facility under Title XIX.  Furthermore, at no time in this action has Plaintiff's counsel sought expedited consideration or relief and has not raised any claims of prejudice rather only scheduling concerns and client pressure.

28.    In regard to the alternative request for an enlargement of time, Defendants are only requesting an additional thirty days in a case which has been going on for well over a year.

29.    To require the case to go forward, it is respectfully submitted, would

effectively deprive a sovereign state of its rights under the Eleventh Amendment to the Constitution.

30.    Alternatively, requiring the case to go forward without a substantial enlargement of time, given the circumstances set forth above will deprive the Defendants of adequate representation.

WHEREFORE, Defendants respectfully request relief from this Court's January 22, 2002 scheduling order, in the form of a stay of proceedings pending the Court's decision on Defendants' Motion to Dismiss, or alternatively, an enlargement of time that would permit the filing of Defendants' Statement of Undisputed Facts, Defendants' Brief in Reply to Plaintiff's Motion for Partial Summary Judgment and Defendants' Brief in support of their Motion for Summary Judgment simultaneously by April 11, 2002, as well as, their Brief in Reply to Plaintiff's Motion for Partial Summary Judgment by that same date.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

BY: _____
Michael Harvey
Senior Deputy Attorney General

FOR:  Thomas J. Blazusiak
Senior Assistant Counsel
Department of Public Welfare
Office of General Counsel

15th Floor, Strawberry Square
Harrisburg, PA  17120
PHONE: (717) 783-6896
FAX: (717) 772-4526
Date: February 11, 2002

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PENNSYLVANIA PROTECTION AND  :
ADVOCACY, INC.  :
   Plaintiff  :
     :
  v.   : No. 1:00-CV-01582
     :
DEPARTMENT OF PUBLIC WELFARE, et al.: (Judge Caldwell)
   Defendants  :

### CERTIFICATE OF NONCONCURRENCE

  I, Michael L. Harvey, Senior Deputy Attorney General, hereby certify that I sought concurrence from plaintiff's counsel and he did not concur.

          **MICHAEL L. HARVEY**
          **Senior Deputy Attorney General**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA PROTECTION AND ADVOCACY, INC. | : |
| Plaintiff | : |
| | : |
| | : |
| v. | : No. 1:00-CV-01582 |
| | : |
| DEPARTMENT OF PUBLIC WELFARE, et al.: | (Judge Caldwell) |
| Defendants | : |

## CERTIFICATE OF SERVICE

**AND NOW**, this **11**[th] day of **February, 2002** I, MICHAEL L. HARVEY, Senior Deputy Attorney General, counsel for defendants in the above-captioned action, hereby certify that I this day served the foregoing by causing a copy of the same to be deposited in the United States mail, postage prepaid, at Harrisburg, Pennsylvania, addressed to the following:

| | |
|---|---|
| Robert W. Meek<br>Disabilities Law Project<br>1315 Walnut Street, Suite 400<br>Philadelphia, PA 19107-4798 | Mark J. Murphy<br>Disabilities Law Project<br>1901 Law and Finance Building<br>429 Fourth Avenue<br>Pittsburgh, PA 15219-1505 |

**MICHAEL L. HARVEY**
**Senior Deputy Attorney General**