**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FILED
HARRISBURG

FEB 1 5 2002

MARY E. D'ANDREA, CLE
Per_____
DEPUTY CLERK

PENNSYLVANIA PROTECTION       :
AND ADVOCACY, INC.,           :
                              :
    Plaintiff,              :
                              :          Civil Action No. 1:00-CV-1582
    v.                      :
                              :          Judge William W. Caldwell
DEPARTMENT OF PUBLIC          :
WELFARE OF THE                :
COMMONWEALTH OF               :
PENNSYLVANIA, et al.,         :

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**APPLICATION FOR STAY OF PROCEEDINGS PENDING THE**
**COURT'S DECISION ON DEFENDANTS' MOTION TO DISMISS**
**SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE,**
**REQUEST FOR ENLARGEMENT OF TIME.**

Defendants, by and through undersigned counsel, hereby submit this

Memorandum of Law in support of their Application for Stay of Proceedings

pending the Court's decision on Defendants' Motion to Dismiss or, in the

alternative, Request for Enlargement of Time, ("Defendants' Application"), filed

on February 11, 2002.

**INTRODUCTION**

In their Motion to Dismiss Second Amended Complaint, Defendants have

raised two jurisdictional challenges: 1) Eleventh Amendment immunity; and 2)

Article III standing.  See Defendants' Motion to Dismiss.  As explained below,

either objection is independently sufficient to require a stay of the proceedings

pending the Court's decision on Defendants' Motion to Dismiss. Alternatively,

Defendants request an enlargement of time for the reasons set forth in Defendants'

Application.

## ARGUMENT

I.    **A Stay of Proceedings Pending the Court's Decision on the Motion to Dismiss Is Necessary to Protect Defendants' Eleventh Amendment Immunity.**

In <u>Puerto Rico Aqueduct v. Metcalf & Eddy</u>, 506 U.S. 140, 113 S. Ct. 684

(1993), the Supreme Court held that the Eleventh Amendment confers on States an

"*immunity from suit* rather than a mere defense to liability; and like an absolute

immunity, it is effectively lost if a case is permitted to go to trial."  <u>Id.</u> at 144, 113

S.Ct. at 687 (emphasis in original)(internal citation omitted).

As the Court explained, it has long been recognized that the very object and

purpose of the Eleventh Amendment were to "prevent the indignity of subjecting a

State to the coercive process of judicial tribunals at the instance of private parties."

<u>Id.</u> at 146, 113 S. Ct. 689, citing <u>In re Ayers</u>, 123 U.S. 443,505, 8 S. Ct. 164, 183

(1887).  Indeed, the Eleventh Amendment stands for the constitutional principle

that state sovereign immunity restricts the judicial power of the federal courts

under Article III.  <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 43, 116 S.Ct. 114

(1996).

In the instant case, Defendants' claim of Eleventh Amendment immunity would effectively be lost if Defendants are compelled to proceed in this litigation unless and until the Court determines that their Eleventh Amendment immunity has been either knowingly waived or properly abrogated. Thus, pending such a ruling, Defendants should not be forced to proceed in this litigation by responding to Plaintiff's Motion for Partial Summary Judgment or by filing the Statement of Undisputed Facts and Brief in support of their own Motion for Summary Judgment. Accordingly, Defendants request the Court to stay all proceedings pending a decision on the Motion to Dismiss.

## II.    A Stay of Proceedings Pending the Court's Decision on Defendants' Motion to Dismiss is Necessary to Ensure That the Court does not Act Without Jurisdiction.

Lack of Article III standing is a jurisdictional bar, and the Supreme Court has recently reaffirmed the need for courts to first determine Article III jurisdiction before reaching the merits of a cause of action. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 93, 118 S. Ct. 1003 (1998). The Steel Court recognized that "[t]he requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Id. at 94-95, 118 S. Ct. at 1012 (citing Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382, 4 S. Ct. 510, 511 (1884)(internal quotations omitted)). The Court cautioned that "[f]or a court to

3

pronounce upon the meaning or constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." Id. at 101-02, 118 S. Ct. at 1016.

In the instant case, Plaintiff, PP&A, Inc. asserts claims that require this court to interpret the meaning and constitutionality of several federal laws (for example, Title XIX of the Social Security Act, Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973). Thus, unless and until the Court establishes that it has jurisdiction, these proceedings should be stayed pending a ruling on the Motion to Dismiss, for without jurisdiction the only function of the court is that of announcing that it lacks jurisdiction and dismissing the cause of action. Steel Co., 523 U.S. at 94, 118 S. Ct. at 1012 (citing Ex parte McCardle, 7 Wall. 506, 514, 19 L. Ed. 264 (1868)).

### III.   In the Alternative, Defendants Request an Enlargement of Time.

If the Court decides not to stay the proceedings while the threshold jurisdictional issues raised in Defendants' Motion to Dismiss are pending, Defendants request a thirty-day enlargement of time within which to file their response in opposition to Plaintiff's Motion for Partial Summary Judgment, as well as a Statement of Undisputed Facts and Brief in support of their Motion for Summary Judgment. The reasons for Defendants' request for enlargement of time are stated fully in Defendants' Application and therefore need not be repeated

4

herein, see Local Rule 7.5(a), but are incorporated by reference as though set forth in full.

## CONCLUSION

For the reasons set forth above, the Defendants request the Court to stay the proceedings pending the Court's decision on Defendants' Motion to Dismiss or, in the alternative, to grant a thirty-day enlargement of time to file a response in opposition to Plaintiff's Motion for Partial Summary Judgment and their Statement of Undisputed Facts, and Brief in support of their Motion for Summary Judgment.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

BY: _____

**Michael Harvey**
**Senior Deputy Attorney General**

**Department of Public Welfare**
**Office of General Counsel**

**Thomas J. Blazusiak**
**Senior Assistant Counsel**
**Allentown State Hospital**
**1600 Hanover Avenue**
**Allentown, PA  18103**

5

Howard Ulan
Senior Assistant Counsel
Third Floor West
Health and Welfare Building
Harrisburg, PA   17120

15th Floor, Strawberry Square
Harrisburg, PA  17120
PHONE: (717) 783-6896
FAX: (717) 772-4526
Date:  February 15, 2002

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PENNSYLVANIA PROTECTION AND ADVOCACY, INC.** | : |
| **Plaintiff** | : |
| | : |
| v. | : **No. 1:00-CV-01582** |
| | : |
| **DEPARTMENT OF PUBLIC WELFARE, et al.:** | **(Judge Caldwell)** |
| **Defendants** | : |

### CERTIFICATE OF SERVICE

**AND NOW**, this **15**th day of **February, 2002** I, MICHAEL L. HARVEY, Senior Deputy Attorney General, counsel for defendants in the above-captioned action, hereby certify that I this day served the foregoing by causing a copy of the same to be deposited in the United States mail, postage prepaid, at Harrisburg, Pennsylvania, addressed to the following:

Robert W. Meek
Disabilities Law Project
1315 Walnut Street, Suite 400
Philadelphia, PA 19107-4798

Mark J. Murphy
Disabilities Law Project
1901 Law and Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219-1505

**MICHAEL L. HARVEY**
**Senior Deputy Attorney General**