IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PENNSYLVANIA PROTECTION AND
ADVOCACY, INC.,

    Plaintiff,

v. : Civil Action No. 1:CV-00-1582

DEPARTMENT OF PUBLIC WELFARE : (Judge William W. Caldwell)
OF THE COMMONWEALTH OF
PENNSYLVANIA, et al.,

    Defendants.

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'
APPLICATION FOR STAY OF PROCEEDINGS OR, IN THE
ALTERNATIVE, REQUEST FOR ENLARGEMENT OF TIME**

Plaintiff, Pennsylvania Protection and Advocacy, Inc. ("PP&A"), through its counsel, submits this Brief in opposition to Defendants' application to stay the proceedings in this case pending resolution of their Motion to Dismiss and their alternative request for yet another enlargement of time. Defendants' undue and, as yet, unexplained delay in pursuing a motion to dismiss PP&A's claims have led

PP&A to invest significant resources and time in this litigation. Plaintiff and its clients, SMRC residents, will be prejudiced if this Court grants Defendants' requests. The equities, therefore, weigh heavily against Defendants' requests.

## FACTUAL AND PROCEDURAL BACKGROUND

Time and again, Defendants have had an opportunity to pursue the Eleventh Amendment immunity defense that they now contend justifies a stay. Yet, they voluntarily and knowingly chose to wait nearly seventeen months to do so.

- ◆ Plaintiff filed this case on September 5, 2000, asserting, *inter alia* that Defendants violated the ADA and RA by failing to provide appropriate community alternatives to residents of South Mountain Restoration Center ("SMRC").

- ◆ In October 2000, Defendants did file a Motion to Dismiss the Complaint, arguing that the Eleventh Amendment barred Plaintiff's ADA and RA claims. Defendants then *voluntarily and without explanation* withdrew that Motion and proceeded to litigate the case, including engaging in extensive discovery that was concluded in the fall of 2001. *See* Declaration of Robert W. Meek ("Meek Decl.") ¶¶ 2-4 (Exh. A).

- ◆ In January 2001, Plaintiff sought leave to amend their Complaint to name the Governor as a Defendant to the ADA and RA claims.

2

Defendants opposed that Motion, arguing, *inter alia*, that individual state officials cannot be sued under any circumstances under those statutes. Defendants did not challenge the Court's jurisdiction under the Eleventh Amendment. In a Memorandum and Order dated April 3, 2001, the Court rejected the Defendants' argument and granted Plaintiff leave to amend. Defendants chose not to move to dismiss the amended pleading.

◆ By Order dated November 29, 2001, the Court granted Plaintiff's *unopposed* Motion for Leave to File a Second Amended Complaint.[1] Defendants filed a Motion to Dismiss on January 11, 2002 and their Brief in support of that Motion on February 5, 2002.[2] Plaintiff served its Brief in Opposition to that Motion on February 15, 2002.

Just as Defendants' motion for a stay based on Eleventh Amendment immunity is undermined by their own actions in delaying pursuit of that defense, so, too, their request for a 32-day enlargement of time is undermined by their own

---

[1] The Second Amended Complaint merely deleted certain claims that Defendants had substantially remedied during the pendency of the case.

[2] Although Defendants' responsive pleading was due in December 2001, *see* Fed. R. Civ. P. 12(a), Plaintiff informally agreed to extend that deadline while Defendants considered whether to answer the amended pleading or move to dismiss. Meek Decl. ¶ 6.

3

actions that demonstrate that they squandered ample opportunity to prepare for the dispositive motions.

- ♦ Dispositive motions initially were due on December 3, 2001. Order dated June 1, 2001. That deadline was extended to February 4, 2002 by Order dated November 16, 2001. On January 22, 2002, the Court granted Defendants a further extension.

- ♦ Plaintiff served its Motion for Partial Summary Judgment along with its Brief and Statement of Undisputed Facts on January 11, 2002. Months before that filing, Defendants were aware of the identities of SMRC residents that Plaintiff contended could be served in the community. Plaintiff provided Defendants with information as to the identities of such individuals on September 14, 2001. Meek Decl. ¶ 2(b). Defendants have had Plaintiff's expert reports, which also describe with particularity SMRC residents who Plaintiff contends can be served in the community, since October 22, 2001. *Id.* ¶ 3. Further, Defendants knew which SMRC residents would be assessed by Plaintiff's experts in the summer of 2001. *Id.*

Defendants' dilatory tactics should not be rewarded by further delays in this matter.

## ISSUES PRESENTED

1. Is a stay of proceedings based on Defendants' assertion of immunity appropriate given their unexplained seventeen-month delay in asserting their immunity claim, the late stage of the proceedings, and the harm to Plaintiff that would result?

2. Is an enlargement of time appropriate given Defendants' ample notice of the deadlines for filing dispositive motions and the facts raised by Plaintiff in its Motion for Partial Summary Judgment and given the availability of multiple attorneys to represent Defendants' interests?

## ARGUMENT

### I. A STAY OF PROCEEDINGS IS INAPPROPRIATE.

Defendants contend that a stay is appropriate based on their recent assertion of Eleventh Amendment immunity, arguing that their immunity would be compromised if the case were permitted to proceed. Defs.' Mem. at 2-3. However, there is no right to an automatic stay whenever a defendant asserts immunity. *E.g., Bell Atlantic-Delaware, Inc. v. Global NAPS South, Inc.*, 77 F. Supp.2d 492, 497 (D. Del. 1999) (rejecting motion to stay briefing and disposition of summary judgment based on defendants' invocation of Eleventh Amendment immunity).

"[A] stay of proceedings is an extraordinary measure and the burden rests upon the party requesting the stay to essentially make out a clear and convincing

5

case of hardship or inequity which will result if a stay is not granted." *Mid-Valley Candy Co. v. R.J. Reynolds Tobacco Co.*, C.A. No. 99-5216, 2002 WL 207166 at *1 (E.D. Pa. Feb. 8, 2002) (Exh. B); *accord Clinton v. Jones*, 520 U.S. 681, 708 (1997). The court should consider the relative impact on the parties of a decision to grant or deny a stay, the burden on the Court of a stay, and any burden on non-parties. *See Mid-Valley Candy Co.*, 2002 WL 207166 at *1. In this case, the equities weigh heavily against a stay of proceedings.

Here, Defendants' argument is fatally undermined by their own delay in invoking their Eleventh Amendment immunity. As noted above, Defendants filed a Motion to Dismiss the initial Complaint in *October 2000* in which they asserted that Plaintiffs' ADA and RA claims were barred by the Eleventh Amendment. Defendants then *voluntarily and knowingly withdrew* that Motion and, to this day, have offered no explanation for that strategic decision. Instead, Defendants opted to proceed with extensive fact and expert discovery. Defendants then re-asserted their Eleventh Amendment immunity in a Motion to Dismiss the Second Amended Complaint, which they filed only a few weeks before dispositive motions were due. Defendants waited until this case was ready for disposition on the merits -- nearly seventeen months -- to pursue their Eleventh Amendment immunity.

Defendants have failed to offer any reason for their delay in invoking their immunity. Indeed, there is none. The ADA and RA claims as to which Defen-

6

dants belatedly assert immunity have been present since the filing of the initial Complaint in September 2000. So, too, the legal arguments concerning the Eleventh Amendment have been present in this case since its inception as amply demonstrated by the fact that the Defendants filed -- then withdrew -- a motion to dismiss the initial Complaint that asserted their Eleventh Amendment challenges in October 2000. There has been no significant change in the law since that time. In their Brief in support of their Motion to Dismiss, Defendants state that "*Koslow v. Commonwealth*, 158 F. Supp.2d 539 (E.D. Pa. 2001), appeal pending, raises new Eleventh Amendment barriers to relief under § 504 [of the RA]." Defs.' Br. in support of Motion to Dismiss at 5. Yet, in that entire Brief, they never again mention, much less engage in any discussion of, *Koslow* or the non-existent "new Eleventh Amendment barriers" that they contend arose from that decision.[3] Rather, the Defendants' primary Eleventh Amendment challenge to Plaintiff's RA claims is premised (albeit, erroneously) on the "unconstitutional conditions" doctrine -- a doctrine which Defendants note has been extant for "over one

---

[3] *Koslow* is merely one of several district court decisions in this Circuit -- including *Frederick L. v. Dep't of Public Welfare*, 157 F. Supp.2d 509 (E.D. Pa. 2001) -- that address arguments by Commonwealth Defendants that the Eleventh Amendment bars claims under the ADA and Section 504 of the RA. As those and other cases show, the Commonwealth's attorneys have been raising these immunity arguments for some time. It is unclear why those attorneys were not able to raise those issues promptly in this case.

7

hundred years"! Defs.' Br. in support of Motion to Dismiss at 15. If that is the case, why did Defendants wait?

As if there could be any doubt as to the matter, the Court need only look to these same Defendants' conduct in a similar case filed at the same time as this case. On September 5, 2000, PP&A's counsel filed a lawsuit on behalf of a class of residents of Norristown State Hospital, alleging that DPW and DPW officials violated the ADA and RA by failing to provide appropriate community-based alternatives to residents for whom the community is the most integrated setting appropriate for their needs. Meek Decl. ¶ 7. Defendants -- represented by the same counsel as in this case -- promptly filed a motion to dismiss in November 2000, raising, *inter alia*, Eleventh Amendment immunity before any substantial undertakings by either party. *Id.* All proceedings in that case were stayed pending the Court's disposition of the motion to dismiss. *Id.* In July 2001, the district court denied the defendants' motion in large part, including most of the Eleventh Amendment immunity arguments. *Frederick L. v. Dep't of Public Welfare*, 157 F. Supp.2d 509 (E.D. Pa. 2001). While the district court certified the issues for immediate interlocutory appeal to the Third Circuit, the defendants ultimately chose to proceed on the merits in the district court. Meek Decl. ¶ 7.

If Defendants had invoked their Eleventh Amendment immunity in response to the initial Complaint, Plaintiff would certainly have consented to a stay of

proceedings. Meek Decl. ¶ 8. A stay at this juncture, though, would cause significant prejudice to Plaintiff and its clients, the residents at SMRC. As Plaintiff details in its Motion for Partial Summary Judgment, there are SMRC residents who continue to be unnecessarily institutionalized with no hope of receiving appropriate community-based mental health services. If a stay is granted and the immunity issues ultimately are resolved (following appeal) in favor of Plaintiff, Defendants will no doubt argue that the facts raised by Plaintiff in their summary judgment motion are stale. This could require substantial additional expert and non-expert discovery years after the litigation began. Plaintiff would not be in this untenable position had Defendants promptly invoked their immunity before discovery began.[4]

A further reason weighing against a stay is the age of this case. *Mid-Valley Candy Co.*, 2002 WL 207166 at *1. This case has been pending for nearly

---

[4] As it currently stands, Defendants are seeking to take advantage of the delay between the close of discovery and the filing of dispositive motions. Defendants state that they will introduce declarations by SMRC residents' treatment professionals. Defs.' Motion ¶ 16. Such declarations may well involve facts that arose after non-expert discovery closed and to which Plaintiff has not been privy. Accordingly, Plaintiff requests that the potential prejudice arising from any evolution in the facts be addressed by freezing the relevant facts as of the date that non-expert was completed, i.e., September 4, 2001. This would bar the parties from introducing, either on summary judgment or at trial, facts that post-date discovery. Essentially, this allows the Court to examine a "snapshot" of facts as they exist of the end of discovery. This would protect the Plaintiff from prejudice arising from Defendants' use of facts that arose after discovery ended.

9

eighteen months. If this Court decides that it has jurisdiction, it would be appropriate to decide at the same time the summary judgment motions.

Finally, citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998), Defendants assert that, because the Court must first determine whether it has jurisdiction, a stay is appropriate. Defs.' Mem. at 3-4. This is a *non sequitur*. While the Court may not be able to *rule* on the merits before it assures itself that jurisdiction is proper, it does not follow that all proceedings on the merits should be stayed pending that ruling. In this case, the Court may determine whether it has jurisdiction while briefing on the dispositive motions proceeds. If it denies the jurisdictional arguments raised by the Defendants, it may rule on the summary judgment motions. *E.g., Bell Atlantic-Delaware*, 77 F. Supp.2d at 497, 502-05 (ruling on merits of summary judgment after denying motion to stay briefing based on defendants' assertion of Eleventh Amendment immunity).

## II. DEFENDANTS' REQUEST FOR ENLARGEMENT OF TIME SHOULD BE DENIED.

Defendants alternatively request a thirty-two day enlargement of time (until April 12, 2002) to file their brief in support of their summary judgment motion and in opposition to Plaintiff's partial summary judgment motion. Defendants' request should be denied.

Defendants complain that it is taking significant time to address Plaintiff's contention in its partial summary judgment motion that there are SMRC residents who could be served in community-based mental health and mental retardation programs. They state that the SMRC treatment professionals are "preparing declarations regarding each individual" and that they did not know which individuals would be identified until Plaintiff filed its Motion in January 2002. Defs.' Motion ¶¶ 16-17. Defendants grossly misrepresent the state of their knowledge. In response to Defendants' discovery requests, Plaintiff provided to Defendants on *September 14, 2001* an extensive statement of facts and a chart of SMRC residents, which identified most of the individuals who Plaintiff contends in their summary judgment motion could be served in the community. Meek Decl. ¶ 2(b). Defendants have had all of Plaintiff's expert reports since *October 22, 2001*, which also identified individuals appropriate for community placement. *Id.* ¶ 3.[5] Indeed, Defendants' experts submitted reports which analyze those same individuals. *Id.* ¶ 4. Thus, Defendants have known the identities of the individuals for months. Moreover, given the expert and non-expert discovery to date concerning these individuals, there is simply no need for Defendants to have their professionals

---

[5] Further, Defendants were aware of the identities of the SMRC residents to be reviewed by Plaintiff's experts prior to the production of the expert reports. Defendants' staff were present during Plaintiff's experts examinations of those individuals during the summer of 2001. Meek Decl. ¶ 3.

11

prepare declarations concerning those individuals. To the contrary, such evidence should be excluded to the extent that it is based on facts that post-date the close of discovery. *See* discussion, *supra*, at 9 n.4.

Defendants also state that it is difficult to both respond to Plaintiff's dispositive motion and prepare a brief in support of their own motion. Defendants, though, are under no obligation to file a dispositive motion. Further, they have known since this Court's November 16, 2001 Order that such motions would be due by February 4, 2002.[6] This Court then generously granted Defendants an extension until March 11. Non-expert discovery had been completed by the end of September 2001 and all expert reports had been submitted by December 2001. Thus, Defendants have already had significant time to prepare documents in support of any dispositive motion.

Plaintiff and its counsel are, of course, quite sympathetic to the personal circumstances of Mr. Blazusiak. Defs.' Motion ¶ 22. Respectfully, though, Plaintiff notes that there are two other counsel of record for Defendants in this case and, one would presume, the additional resources of other attorneys in the Office of Attorney General and in DPW's Office of Legal Counsel.

---

[6] The November 16, 2001 Order amended the prior June 1, 2001 scheduling Order pursuant to which dispositive motions were due on December 3, 2001.

12

Plaintiff's counsel also has limited resources. Two attorneys from Plaintiff's counsel's firm have been responsible for the bulk of the work on this case. Meek Decl. ¶ 9. Those same two attorneys represent the class in the *Frederick L.* litigation discussed above. *Id.* ¶ 10. Dispositive motions in *Frederick L.* are due April 19 and the Court has set a firm trial date of May 20. *Id.* If the March 11 deadline for Defendants' brief in this case is enforced, Plaintiffs' counsel will be able to file a response that allows for prompt disposition as well as to comply with the *Frederick L.* Court's timelines. *Id.* ¶ 11. However, if the Defendants' requested enlargement is granted, Plaintiff, too, may need a significant enlargement of time to enable them to comply with the deadlines in the *Frederick L.* case which, Judge Schiller has made plain, will not be extended. *Id.*

## CONCLUSION

For all the reasons stated above, Plaintiff respectfully requests that the Court deny Defendants' Application for Stay of Proceedings or, in the Alternative, Request for Enlargement of Time.

Respectfully submitted,

Dated:  February 21, 2002          By:  _____
Robert W. Meek
Robin Resnick
Disabilities Law Project
1315 Walnut Street, Suite 400
Philadelphia, PA  19107-4798
(215) 238-8070

and

Mark J. Murphy
Disabilities Law Project
1901 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA  15219-1505
(412) 391-5225

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, Robert W. Meek, hereby certify that true and correct copies of Plaintiff's Brief in Opposition to Defendants' Application for Stay or, in the Alternative, Request for Enlargement of Time were served on the following by first class mail, postage prepaid on February 21, 2002:

>Michael L. Harvey, Esquire
>Senior Deputy Attorney General
>Office of Attorney General
>Strawberry Square
>Fifteenth Floor
>Harrisburg, PA  17120
>
>Howard Ulan, Esquire
>Senior Assistant Counsel
>Department of Public Welfare
>Office of Legal Counsel
>Health & Welfare Building
>Third Floor West
>Harrisburg, PA  17120
>
>Thomas J. Blazusiak, Esquire
>Senior Assistant Counsel
>Department of Public Welfare
>Office of Legal Counsel
>Allentown State Hospital
>Room 130 Medical Services Building
>1600 Hanover Avenue
>Allentown, PA  18103

*/s/ Robert W. Meek*
Robert W. Meek