**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
APR 1 0 2002
MARY E. D'ANDREA, CLERK
Per ____
Deputy Clerk

| | |
|---|---|
| PENNSYLVANIA PROTECTION AND ADVOCACY, INC.<br>    Plaintiff | :<br>:<br>:<br>: |
| v. | : No. 1:00-CV-01582<br>: |
| DEPARTMENT OF PUBLIC WELFARE, et al.:<br>    Defendants | (Judge Caldwell)<br>: |

### ANSWER TO SECOND AMENDED COMPLAINT

Defendants hereby answer the second amended complaint as follows:

### FIRST DEFENSE

1. Admitted, except that it is denied that defendants have violated the federal rights of the residents of South Mountain and that it is denied that South Mountain is located in an isolated, segregated setting.

2. Admitted and denied. It is admitted that nearly all residents of South Mountain are admitted from state psychiatric hospitals and suffer from some sort of mental disorder. Otherwise, this paragraph is denied.

3. Admitted and denied. It is admitted that South Mountain admits some residents who have a long history in state mental hospitals. Otherwise, this paragraph is denied.

4. This paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is denied.

5-7. These paragraphs state conclusions of law to which no response is required.

8-12. To the extent these paragraphs purport to describe the legal obligations and responsibilities of any of the parties, they state conclusions of law to which no response is required. The factual allegations of these paragraphs are admitted, except that Defendants deny that they have violated the United States Constitution or its laws, and that plaintiff has standing to bring this action.

13. Denied. Bruce Darney is presently the chief executive officer of South Mountain Restoration Center.

14. Denied. In Pennsylvania, persons with mental disabilities may also receive services at home through Home Health Care and Assisted Living, or they may reside in Personal Care Board Homes or Domiciliary Care Homes.

15. This paragraph states a conclusion of law to which no response is required.

16-17. Admitted.

18. Denied. As of April 10, 2002, there were 168 residents at South Mountain.

19. Admitted.

20. Admitted. By way of further response, South Mountain residents,

2

many of whom have a diagnosis of mental illness, mental retardation or developmental disabilities, have as their primary diagnosis a medical condition which requires nursing facility services.

21.     Denied. Many South Mountain residents have family and friends who are not distant from South Mountain.

22.     Denied. From July 1, 1997, to December 21, 2001, 97 residents were discharged from South Mountain. During the same period there were 147 deaths.

23.     Denied.

24.     Denied as stated. South Mountain Restoration Center had a full-time psychiatrist, Joseph O. Strite, M.D. on staff from January 4, 1992, until January 22, 1999. Dr. Strite continued to provide part-time psychiatric services as a Commonwealth annuitant until May 22, 2000. South Mountain Restoration Center has utilized Edward Yelinek, Ph.D., as a consulting psychologist for several years. Dr. Yelinek provided psychological assessments, psychological counseling and behavioral program recommendations as needed based on individuals referred to him by South Mountain Restoration Center. The current contracts for psychiatric and behavioral health services were identified as needed based on staff observations and discussions and not based on any input from PP&A.

25-26.     Denied.

3

27. Admitted and denied. It is denied that South Mountain does not provide behavioral programs to address behavioral problems. It is admitted that staff felt that B.L.'s behaviors would have put him and others at risk for injury if he were placed in the community. Otherwise, this paragraph is denied. B.L. expired on March 11, 2001.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. A formal investigation into this incident could not substantiate the allegation.

29-31. These paragraphs state conclusions of law which requires no response.

32. Admitted.

33. Admitted and denied. It is admitted R.L. was a resident of South Mountain and had a diagnosis of seborrheic dermatitis of the scalp and face and psoriasis of the scalp which caused him to scratch his face. It is further admitted that R.L. had been evaluated twice by Office of Mental Retardation staff, most recently during December 1999 and January 2000, and on both occasions, it was determined that he did not need specialized mental retardation services. Otherwise, this paragraph is denied. R.L. expired on June 22, 2001.

34. Admitted and denied. It is denied that South Mountain failed to diagnose R.R. as having a related condition. Otherwise, this paragraph is admitted.

35-36.  Denied.

37-39.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 37-39. Accordingly, these paragraphs are denied.

40-44.  Denied.

45-46.  Admitted.

47.  Denied.

48.  This paragraph states a legal conclusion which requires no response.

49-50.  Denied.

51.  Admitted and denied. It is admitted that, for most South Mountain residents, consideration was not given to creating additional nursing home beds for them prior to their transfer to South Mountain. By way of further response, nursing homes are the only appropriate community residential service for many of these residents. Otherwise, this paragraph is denied.

52.  Admitted. By way of further response, most south Mountain residents would not benefit from community placement.

53.  Admitted and denied. This paragraph is admitted except that any suggestion made in this paragraph that county MH/MR programs ought to be more involved in treatment and discharge decisions than they are presently is denied.

54.   Denied.

55.   Denied. C.L. has been accepted by a personal care home in the town in which she has expressed a desire to live. She will be admitted as soon as certain renovations are completed or another vacancy in the home becomes available. Efforts have been made to locate other personal care homes for C.L. as well.

56.   Admitted and denied. It is denied that R.L. had been deemed inappropriate for discharge. Otherwise, this paragraph is admitted.

57.   Denied.

58.   Admitted. By way of further response, while there are no efforts to develop a community program for R.R., he has been referred to several community nursing facilities for placement consideration. South Mountain staff continue to pursue alternative placements for R.R. In addition, R.R. has received treatment for certain behaviors that resulted in his being rejected by several facilities. The treatment has been effective in reducing the frequency and intensity of the behaviors.

59.   Admitted and denied. It is denied that no effort has been made to address J.B.'s behavioral issues or identify a placement for him. J.B. was transferred to a nursing facility in Bucks County on August 30, 2001. Otherwise, this paragraph is admitted.

60. Paragraphs 1 through 59 of this answer are incorporated herein by reference.

61. This paragraph states a conclusion of law to which no response is required.

62. This paragraph states conclusions of law which require no response. To the extent they are deemed factual, they are denied.

63. Paragraphs 1 through 62 of this answer are incorporated by reference.

64-68. These paragraphs state conclusions of law which require no response.

69-71. These paragraphs state conclusion of law which require no response. To the extent they are deemed factual, they are denied.

72. This paragraph makes no factual allegations and, therefore, requires no response.

## SECOND DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Title II of the ADA and Section 504 of the Rehabilitation Act exceed Congress' enumerated powers and are, therefore, unconstitutional.

## FOURTH DEFENSE

Plaintiff's claims under the ADA and Section 504 of the Rehabilitation Act

against the Commonwealth or its agencies are barred by the Eleventh Amendment because neither the ADA nor Section 504 validly abrogate the states' Eleventh Amendment immunity.

## FIFTH DEFENSE

The Rehabilitation Act's waiver requirement is unconstitutional.

## SIXTH DEFENSE

Plaintiff's claims under the ADA and the Rehabilitation Act may not be brought against the individuals named as defendants in this matter.

## SEVENTH DEFENSE

Plaintiff does not have standing to bring this action.

## EIGHTH DEFENSE

Section 504 of the Rehabilitation Act does not obligate defendants to provide treatment to the mentally disabled in a community setting.

## NINTH DEFENSE

Defendants cannot reasonably accommodate the immediate placement of the residents of South Mountain, given the resources available to the Commonwealth of Pennsylvania and the needs of others with mental disabilities.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

BY: *[signature]*
MICHAEL L. HARVEY
Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

15th Floor, Strawberry Square
Harrisburg, PA 17120
PHONE: (717) 783-6896
FAX: (717) 772-4526
DATE: April 10, 2002

THOMAS J. BLAZUSIAK
Senior Assistant Counsel
Department of Public Welfare
Office of Legal Counsel
Allentown State Hospital
1600 Hanover Avenue
Allentown, PA  18103

HOWARD ULAN
Senior Assistant Counsel
Department of Public Welfare
Office of Legal Counsel
Third Floor West
Health and Welfare Building
Harrisburg, PA  17120