
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA PROTECTION AND ADVOCACY, INC., | : |
| Plaintiff, | : Civil Action No. 1:00-CV-1582 |
| v. | : Judge Caldwell |
| DEPARTMENT OF PUBLIC WELFARE OF THE COMMONWEALTH OF PENNSYLVANIA; *et al.*, | : |
| Defendants. | : |

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE CERTAIN EXHIBITS TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Pennsylvania Protection and Advocacy, Inc., through its counsel, submits this Brief in support of its Motion to Strike certain exhibits to Defendants' Motion for Summary Judgment. These exhibits are inadmissible to support Defendants' summary judgment motion.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff initiated this lawsuit in September 2000, stating various claims against the Department of Public Welfare and its officials (collectively, "DPW") concerning South Mountain Restoration Center ("SMRC"), a state-operated nursing facility for persons with severe and persistent mental illness. Plaintiff alleged, *inter alia*, that DPW violates the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA") by failing to provide community residential mental health programs for those SMRC residents who are able to live in such programs and that DPW violates Title XIX of the Social Security Act by failing to comply with the federal standards of care for nursing facilities.

In November 2000, the parties submitted a Joint Case Management Plan in accordance with Local Rule 16.3. (Exh. A). In that Plan, Plaintiff identified a number of potential witnesses and document categories. Joint Case Management Plan §§ 4.101, 4.201. These disclosures tracked those in Plaintiff's Initial Disclosures submitted to Defendants in October 2000 in accordance with Federal Rule of Civil Procedure 26(a)(1). (Exh. B).

In the Joint Case Management Plan, Defendants disclosed three potential witnesses: Charles Curie, then DPW Deputy Secretary of the Office of Mental Health and Mental Retardation Services ("OMHSAS"); George Kopchick, an OMHSAS official; and S. Reeves Power, Ph.D., then Superintendent of SMRC.

2

Joint Case Management Plan § 4.151. As for categories of documents, Defendants stated: "None at this time." *Id.* § 4.251.

Following the parties' submission of the Joint Case Management Plan and an initial case management conference with the Court, the Court issued a scheduling Order which required the parties to complete non-expert discovery by June 1, 2001. Order dated Nov. 30, 2000. At the request of the parties, the Court extended the scheduling deadlines, ordering that non-expert discovery be completed by September 4, 2001. Order dated June 1, 2001. Although certain other deadlines were extended, the fact discovery deadline passed on September 4, 2001.

Defendants did not submit the disclosures required by Federal Rule of Civil Procedure 26(a)(1) until September 21, 2001 -- several weeks after the close of non-expert discovery and more than a year after the case was filed. (Exh. C). Those disclosures identified a number of witnesses and incorporated individuals identified in Plaintiff's initial disclosures. As for documents, Defendants stated that there were "[n]one beyond those already produced."

After receiving numerous extensions, Defendants filed a Motion for Summary Judgment in February 2002 and a Brief and numerous exhibits in support of that Motion on April 15, 2002. Among the exhibits were a number of documents that were never identified or produced to Plaintiff as well as declarations from witnesses who were never disclosed to Plaintiff.

3

## QUESTIONS INVOLVED

1. Whether Exhibits G-5 and G-8 (declarations concerning two SMRC residents who have been discharged) should be excluded because they are not based on the personal knowledge of the declarants.

2. Whether Defendants' failure to make timely disclosures of witnesses and documents warrants the exclusion of Exhibits E-1 through E-32, E-35 through E-37, I-1, I-2, I-3, I-5, and I-6?

3. Whether it is appropriate to exclude Exhibit N, the declaration of an attorney concerning the qualifications of two of Defendants' retained experts, on the basis that the declarant had not been timely disclosed and that the subject matter of the declaration is irrelevant.

4. Whether it is appropriate to exclude Exhibit R, a letter from a DPW employee that is hearsay.

## ARGUMENT

### I. EXHIBITS G-5 AND G-8 ARE INADMISSIBLE AND SHOULD BE EXCLUDED.

Exhibit G to Defendants' Motion for Summary Judgment consists of declarations from various SMRC physicians concerning eleven individuals who were discharged from SMRC. Exhibits G-5 and G-8 are declarations by Linda J. Christie, M.D., the Medical Director at SMRC, but they concern two individuals

who had been patients of Dr. Madhu S. Krishna, M.D. at SMRC prior to the time of discharge. Exhibits G-5 ¶ 1, G-8 ¶ 1. Dr. Krishna left SMRC on medical leave in May 2001 and retired in December 2001 without ever returning to SMRC. Exhibits G-5 ¶ 3, G-8 ¶ 2. These two declarations by Dr. Christie describe *Dr. Krishna's* observations and opinions, including stating that it was Dr. Krishna's opinion that the nursing facility placements to which the two residents were discharged were appropriate. *See* Exhibits G-5 ¶¶ 9-22, G-8 ¶¶ 9-22. The declarations also state that Dr. Christie reviewed the records of the individuals and that she concurred with Dr. Krishna's opinion that the discharge placements were appropriate. Exhibits G-5 ¶ 23, G-8 ¶ 23.[1]

Federal Rule of Civil Procedure 56(e) permits parties to submit affidavits or declarations to support their motion, but such evidence is subject to several requirements. Among other things, the declarations must be based on personal knowledge of the declarants, must set forth facts as would be admissible in evidence, and show affirmatively that the declarant is competent to testify as to the

---

[1] Exhibit G-8 concerns resident Audrey S. As Defendants admit, Dr. Power, the former Superintendent of SMRC, testified in his deposition that Audrey could have functioned with "a lot less than 24-hour nursing care" and that her emotional needs "went a lot deeper than any kind of hands-on care that she might need." Pl.'s Statement of Undisputed Facts and Defs.' Response ¶ 71. Thus, Dr. Christie's second-hand opinion is particularly questionable.

5

matters stated therein. *See Stein v. Foamex International, Inc.*, Civil Action No. 00-2356, 2001 WL 936566 at *4 (E.D. Pa. Aug. 15, 2001) (Exh. D).

Though Exhibits G-5 and G-8 state that Dr. Christie makes the declarations "based on personal knowledge," it is apparent that she has no personal knowledge of the two residents at issue. Instead, Dr. Christie's statements concern the observations and opinions of Dr. Krishna, information that she may have gleaned from reviewing documents or speaking with her or other SMRC employees. Such information is patently inadmissible hearsay. Accordingly, these two declarations should be excluded.

## II. EXHIBITS E-1 THROUGH E-32, E-35 THROUGH E-37, E-1, E-2, E-3, E-5, E-6 ARE INADMISSIBLE AND SHOULD BE EXCLUDED.

Defendants submitted Exhibits E-1 through E-32, E-35 through E-37, and other documents as Exhibits to the Declaration of John Saweikis, the Director of SMRC's Social and Rehabilitative Services Department. These exhibits include the organizational chart and job descriptions of employees of Mr. Saweikis's department; documents concerning opportunities for involvement by SMRC residents' families; numerous documents concerning activities and therapies provided to SMRC residents; and documents concerning discharges between September 1999 and April 5, 2002. Defendants never identified, disclosed, or

6

produced these particular exhibits nor did they ever identify any similar categories of exhibits that would alert Plaintiff to their existence.[2]

Exhibits I-1, I-2, I-3, I-5, and I-6 are, respectively, the declarations of Joseph M. Condon (Volunteer Resources Coordinator at SMRC); Marilyn Eckley (Director of DPW's Office of Policy Development); Lori Gerhard (Deputy Secretary for Pennsylvania's Department of Aging); Michael Derr (Director of DPW's Office of Budget, Bureau of Budget); and Joseph C. Carolin (SMRC's Director of Pastoral Care).[3] These individuals were never identified -- even in Defendants' post-discovery "initial disclosures" -- as potential witnesses who had discoverable information concerning their case. *See* Exh. A & C.

Under the Federal Rules of Civil Procedure, Defendants were required -- without awaiting a discovery request -- to provide to Plaintiff the following:

> [T]he name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

---

[2] Plaintiff does not seek to exclude Exhibits E-33 and E-34 concerning assistive technology provided to SMRC residents. Although the relevance of these documents is questionable since this is not an issue in the case, these documents were provided to Plaintiff during discovery.

[3] Exhibit I-4 is the declaration of Defendant Radke. Again, though most of the information offered is irrelevant, Plaintiff does not challenge the admissibility of the declaration in its entirety.

7

> [A] copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)-(B). These disclosures must be made at or within 14 days of the Rule 26(f) conference unless otherwise provided by stipulation or court order. Fed. R. Civ. P. 26(a)(1). Under Local Rule 16.3, the parties must file a Joint Case Management Plan which, among other things, should "identify the disclosures made pursuant to Fed. R. Civ. P. 26(a)(1)." *Tolerico v. Home Depot*, 205 F.R.D. 169, 173 (M.D. Pa. 2002) (Vanaski, C.J.). Parties must supplement their initial disclosures "at appropriate intervals" if they learn that their disclosures are in some material respect incomplete and if the additional information has not otherwise been made known to the other parties. Fed. R. Civ. P. 26(e)(1).

Federal Rule of Civil Procedure 37(c)(1) provides the Court with means to address a party's failure to properly disclose potential witnesses and documents, providing:

> A party that without substantial justification fails to disclose the information required to be disclosed under Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion, any witness or information not so disclosed.

"Rule 37 is written in mandatory terms, and 'is designed to provide a strong inducement for disclosure of Rule 26(a) material.'" *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995).

Defendants can offer no substantial justification for their failure to disclose the witnesses and documents that are the subject of this Motion. The test for "substantial justification" is whether "the parties could differ as to whether the party was required to comply with the disclosure request." *Tolerico*, 205 F.R.D. at 175. Here, the documents and several of the witnesses address Plaintiff's claim that Defendants fail to satisfy the requirement of Title XIX of the Social Security Act that SMRC provide activities that enable residents to attain or maintain their highest practicable physical, mental, and psychosocial well-being. Three of the declarations (Derr, Eckley, and Gerhard) address Defendants' "fundamental alteration" defense to Plaintiff's integration claims under the ADA and RA, concerning, *inter alia*, DPW's budget and the community services available to persons with mental illness and the elderly. These issues have been involved in this case since Day 1. Defendants could not have been confused as to whether documents and witnesses relating to the activities claim and the fundamental alteration defense should have been disclosed.

Nor can Defendants' failure to disclose be excused as "harmless." "A party's misconduct is harmless if it involves an honest mistake, coupled with

9

sufficient knowledge by the other party of the material that has not been produced." *Id.* at 176. Again, the breadth of the information that Defendants are now submitting -- seven months after the close of fact discovery -- suggests that they did not merely overlook the information. Further, although Plaintiff (as its own disclosures suggest) were aware of a number of DPW officials with knowledge about the issues, it was not aware of the declarants. Indeed, their names never arose during fact discovery.

Although Defendants' failure to disclose is neither substantially justified nor harmless, the Court may considering lesser remedies than exclusion (e.g., sanctions including attorneys fees). *Tolerico*, 205 F.R.D. at 176-77. In considering whether the exclusion of evidence is appropriate, the Court considers four factors:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligations.

*Id.* at 177 (quoting *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 148 (3d Cir. 2000)).

These factors weigh in favor of exclusion of Defendants' use of the evidence in support of their summary judgment motion. First, as noted above, Plaintiff did not know of the existence of this evidence before mid-April 2002 when Defendants

10

filed their summary judgment motion -- eighteen months after the case was filed and seven months after the close of fact discovery. Defendants' failure to disclose the evidence until the parties were in the midst of briefing summary judgment motions greatly prejudices Plaintiff. Second, Plaintiff now has no ability to cure the prejudice at this stage of the litigation short of delaying the summary judgment briefing and ruling to allow Plaintiff to take further discovery. Third, allowing Plaintiff to take further discovery and to delay summary judgment would be completely disruptive, particularly given that Defendants already received a more than two-month extension in which to file their summary judgment brief. This, of course, goes to the final factor as well -- Defendants' bad faith or wilfulness. Defendants have been aware of the relevant issues for over 18 months; they have sought and received numerous extensions so that they could prepare their motion for summary judgment; and they sought to derail the case by waiting over sixteen months to file a motion to dismiss and then a motion to stay the litigation in its entirety. Defendants have employed the typical defense "strategy" of delay. It is transparent that their failure to timely disclose the evidence is simply a further attempt at delay. The proper remedy is exclusion.[4]

---

[4] Plaintiff reserves the right to also seek sanctions, including attorneys' fees, if the Court grants this Motion. *See* Fed. R. Civ. P. 37(c)(1); *Tolerico*, 205 F.R.D. at 177-78.

### III. EXHIBIT N IS INADMISSIBLE AND SHOULD BE EXCLUDED.

Exhibit N is the Declaration of David R. Hoffman, an Assistant United States Attorney. Mr. Hoffman states that he has used the services of Susan Renz and Marie Boltz as federal monitors in unidentified cases filed against nursing facilities concerning "failure to provide care." Hoffman Decl. ¶¶ 1, 3. Mr. Hoffman's declaration should be excluded for several reasons. First, Defendants never disclosed him as a witness. *See* Exh. A & C. Second, Mr. Hoffman's declaration does not specifically identify the types of nursing facility "care" issues Rentz and Boltz monitored and so the relevance of the declaration (dubious to begin with) is nil since he does not state that he has any knowledge about their qualifications to opine on the issues that are involved in this case (especially the propriety of more integrated settings for SMRC residents).

### IV. EXHIBIT R IS INADMISSIBLE AND SHOULD BE EXCLUDED.

Exhibit R is a letter dated April 10, 2002 (one day before Defendants' already delayed summary judgment motion was due) from Vicki Stillman-Toomey, Regional Program Manager for DPW's Office of Mental Retardation ("OMR"). This letter concerns Plaintiff's claim that Defendants violated Title XIX by failing to provide specialized mental retardation services to a SMRC resident, Rosemary Y.

As set forth in Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment and Reply Brief in support of Plaintiff's Motion for Partial Summary Judgment, the evidence produced to Plaintiff through April 15, 2002 (when Defendants filed their summary judgment motion and submitted the Stillman-Toomey letter) demonstrated that DPW had determined that Rosemary Y. needed specialized services and was not receiving them. This evidence was reflected in a letter from DPW's Deputy Secretary for Mental Retardation dated February 22, 2000; in the deposition of OMR official Ruth Zimmerman in May 2001; and in the deposition testimony of former SMRC Superintendent Power in August 2001. Pl.'s Opposition/Reply Brief at 23.

Now, Defendants submit a letter that states that OMR reviewed Rosemary Y.'s need for services and "determined that you *no longer* need specialized services." Exh. R (emphasis added). Despite this determination, the letter also indicates that "recommendations were previously made on 10/6/94, 10/11/95, and 10/16/96 which, through clerical error, were not mailed to you or to South Mountain Restoration Center" that she did "*not* need specialized services." *Id.* (emphasis added). Defendants do not submit copies of the 1994, 1995, or 1996 recommendations nor do they submit a declaration from Ms. Stillman-Toomey. The letter should be excluded as hearsay. Although the letter seems to be a business record admissible under Federal Rule of Evidence 803(6), it was plainly

13

prepared as a result of and for the purposes of the litigation (and, in particular, for the summary judgment motion) and not as part of the ordinary course of business.

## CONCLUSION

For all the reasons set forth above, Plaintiff respectfully requests that the Court strike the above-identified exhibits submitted by Defendants in support of their summary judgment motion.

Respectfully submitted,

Dated: May 2, 2002          By: _____
Robert W. Meek
Robin Resnick
Disabilities Law Project
1315 Walnut Street, Suite 400
Philadelphia, PA  19107-4798
(215) 238-8070

and

Mark J. Murphy
Disabilities Law Project
1901 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA  15219-1505
(412) 391-5225

Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I, Robert W. Meek, hereby certify that true and correct copies of Plaintiff's Motion to Strike Certain Exhibits to Defendants' Motion for Summary Judgment, Brief in support of that Motion, and proposed Order were served on the following by first class mail, postage prepaid on May 2, 2002:

> Michael L. Harvey, Esquire
> Senior Deputy Attorney General
> Office of Attorney General
> Strawberry Square
> Fifteenth Floor
> Harrisburg, PA  17120
>
> Howard Ulan, Esquire
> Senior Assistant Counsel
> Department of Public Welfare
> Office of Legal Counsel
> Health & Welfare Building
> Third Floor West
> Harrisburg, PA  17120
>
> Thomas J. Blazusiak, Esquire
> Senior Assistant Counsel
> Department of Public Welfare
> Office of Legal Counsel
> Allentown State Hospital
> Room 130 Medical Services Building
> 1600 Hanover Avenue
> Allentown, PA  18103

_____
Robert W. Meek