ORIGINAL

FILED
HARRISBURG, PA
JUN 10 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PENNSYLVANIA PROTECTION AND
ADVOCACY, INC.,

        Plaintiff,

        v.

DEPARTMENT OF PUBLIC WELFARE
OF THE COMMONWEALTH OF
PENNSYLVANIA; *et al.*,

        Defendants.

Civil Action No. 1:00-CV-1582

Judge Caldwell

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO STRIKE CERTAIN EXHIBITS
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Pennsylvania Protection and Advocacy, Inc., through its counsel, submits this Reply Brief in support of its Motion to Strike Certain Exhibits to Defendants' Motion for Summary Judgment. Rather than repeat the arguments in its initial Brief, Plaintiff will simply highlight just a few matters that expose the Defendants' positions to be without merit.

### *1. Disclosure of Potential Fact Witnesses and Exhibits in Expert Reports Is Not Adequate.*

Defendants actually contend that they did disclose to Plaintiff the existence of exhibits because they were referenced in and/or attached to their expert reports produced between mid-November 2001 and late December 2001. If these documents were so important that Defendants provided them to their experts, Defendants cannot possibly rationalize their failure to promptly disclose those documents to Plaintiff. Similarly, Defendants contend that they disclosed Ms. Eckley's existence because she was identified in an April 24, 2000 letter that was attached to Defendants' expert reports. Defendants cannot be permitted to evade the initial and supplemental disclosure requirements of Rule 26 by allowing the introduction of evidence disclosed obliquely through expert reports (totalling thousands of pages) that are filed after the close of fact discovery. Such gamesmanship would wholly subvert the salutary purpose of these rules.[1]

### *2. Reference to the Subject Matter of an Exhibit in a Deposition Does Not Excuse a Failure to Disclose.*

Similarly, Defendants indicate that some of the challenged exhibits relate to subjects that were discussed during depositions in this case. However, discussion of a topic (e.g., activities provided at SMRC) does not

---

[1] Defendants' statement that discovery is ongoing, Defs.' Br. at 2, is misleading. Fact discovery closed on September 4, 2001. This deadline was not extended. The parties only agreed to delay depositions of experts pending the outcome of the summary judgment motions. Meek Decl. ¶ 4 (Exh. A).

2

excuse Defendants from identifying to Plaintiff documents that relate to that topic.[2]

**3.    *Reference to an Individual in a Document Does Not Excuse Failure to Identify the Individual as a Potential Witness.*** Defendants make the remarkable claim that the mere mention of a person in a produced document is sufficient to identify that person as a potential witness. Defendants contend that Joseph Condon and Father Joseph Carolin, whose declarations Plaintiff seeks to strike, were identified in a document produced by Defendants. Defs.' Br. at 12. The document cited (Exh. 1 to Defs.' Br. in Opposition to Pl.'s Motion to Strike) are minutes of a meeting of the Social and Rehabilitative Services Staff in which Mr. Condon and Fr. Carolin were among seven people mentioned. The document bears Bates No. 21512 of the more than 30,000 pages of documents produced. Defendants cannot satisfy their disclosure obligations by producing a document that somewhere mentions the person's name, particularly where, as here, literally tens of thousands of documents are produced.

**4.    *Defendants Never Produced Documents to Plaintiff that Identified Ms. Eckley as a Potential Witness.*** Defendants state that they produced to Plaintiff a document written by Ms. Eckley that describes Pennsylvania's "most

---

[2] Specific disclosure might be excused if the challenged exhibits themselves were the subject of deposition testimony so as to alert the Plaintiff to the existence of those documents.

3

integrated setting" initiatives. Defs.' Br. at 12-13. Yet, Defendants make no reference to any Bates number that would enable Plaintiff to check among the more than 30,000 pages of documents to see if it was, in fact, received. Plaintiff's counsel has reviewed the documents produced by Defendants' in response to their document request concerning *Olmstead* planning and has found no such letter nor any documents referencing Ms. Eckley. Declaration of Robert W. Meek ¶ 3 (Exh. A).

5.  ***Disclosure of Previously Unknown Information to Defendants After the Close of Fact Discovery and During the Course of Litigating Summary Judgment Motions Prejudiced Plaintiff.*** Defendants seem to assert that Plaintiff could not have been prejudiced by the late disclosures of information because there had been substantial fact discovery. Defs.' Br. at 14. Obviously, the existence of substantial fact discovery does not preclude prejudice arising from the concealment of other information until months after the close of such discovery. Defendants also indicate that Plaintiff does not explain how it was prejudiced by the delayed disclosures. Defs.' Br. at 14. Plaintiff did offer such an explanation, noting that the prejudice arose from the fact that the information was not disclosed until the parties were in the midst of briefing summary judgment motions. (Pl.'s Br. at 11). Without knowing the information, Plaintiff had no opportunity -- prior

to responding to Defendants' summary judgment motion -- to depose the witnesses or to take further discovery concerning the exhibits.

6. *Plaintiff's Knowledge of the Existence of a Defense is Not Equivalent to Knowledge of Evidence Supporting that Defense.* Defendants remarkably contend that Plaintiff cannot claim surprise about previously undisclosed witnesses relating to their fundamental alteration defense because Plaintiff has known that this defense was at issue since the inception of the case. Defs.' Br. at 14. Knowledge of what defenses will be asserted and knowledge of what witnesses will be used to support that defense are two very different things. Knowledge of the former does not excuse failure to disclose the latter in accordance with Rule 26. The very point of Rule 26 is to identify potential witnesses who will support the parties' claims and defenses (as those claims and defenses are identified in the pleadings).

7. *The "Cure" Proposed by Defendants Only Serves their Dilatory Purposes.* As this Court is well aware, Defendants have secured extension upon extension to file their summary judgment briefs and exhibits. Defendants now propose that any prejudice caused by their failure to properly identify witnesses and exhibits can be cured by allowing depositions. Defs.' Motion at 2, 16 n.6. Such a cure will serve only to further delay disposition of the summary judgment motions. Not only will Plaintiff have to take additional time to review the

evidence and take depositions, but then the parties will have to file supplemental briefs. Under the circumstances, this is not an suitable cure.[3]

**8. *The Stillman-Toomey Letter Is Not Admissible Hearsay Under Fed. R. Evid. 803(8).*** Defendants erroneously assert that Exhibit R, the Stillman-Toomey letter that Plaintiff seeks to strike, is admissible as a public record under Fed. R. Evid. 803(8). The letter sets forth a legal conclusion that Ms. Young is not entitled to receive specialized services; it does not merely describe the activities of OMR or matters that Ms. Stillman-Toomey "observed" pursuant to a legal duty. This type of legal conclusion is not admissible under Rule 803(8). *E.g.*, *Zeus Enterprises, Inc. v. Alphin Aircraft, Inc.*, 190 F.3d 238, 243 & n.* (4th Cir. 1999); *Hines v. Brandon Steel Decks, Inc.*, 886 F.2d 299, 302 (11th Cir. 1989).

---

[3] *Coleman v. Keebler Co.*, 997 F. Supp. 1102 (N.D. Ind. 1998), cited by Defendants, Defs.' Br. at 16 n.6, is inapposite. Aside from the fact that the identities of the witnesses (whose summary judgment affidavits were the subject of a motion to strike) had been disclosed specifically and unequivocally during the limited fact discovery in the case, the court ruled that any harm to defendant by the witnesses' testimony could be cured prior to trial by allowing their depositions. *Id.* at 1107. The court did *not* hold that the prejudice could be cured at the summary judgment stage but, rather, held that disposition of the summary judgment motion did not depend on the witnesses' affidavits. *Id.* at 1107-08.

6

Moreover, the letter does not meet the standard of trustworthiness necessary for admissibility under Rule 803(8).[4] There are several factors that render the document untrustworthy. First, the ex parte nature of the proceedings without hearing or opportunity for Ms. Young or Plaintiff to offer contrary evidence undermines the trustworthiness of the conclusion stated in the document. *See Donald v. Rast*, 927 F.2d 379 (8th Cir.), *cert. denied*, 502 U.S. 127 (1991).[5] Second, the fact that the letter was generated by an official of one of the Defendants in this case undermines its impartiality and raises serious questions about the author's motivation. *See* Fed. R. Evid. 803(8), Advisory Comm. Note. Third, the timing of the letter indicates that Ms. Young's need for specialized services was not simply reviewed in the ordinary course of OMR's work, but, rather, was undertaken specifically for the litigation, which renders the statements not trustworthy. *United States v. Stone*, 604 F.2d 922, 926 (5th Cir. 1979). Finally, the circumstances surrounding the letter subvert its trustworthiness. The

---

[4] The trustworthiness requirement applies to all sub-sections of Rule 803(8). 3 Stephen A. Stalzburg, et al., *Federal Rules of Evidence Manual* at 1681 (7th ed. 1998).

[5] Not only was there no opportunity to present evidence, the letter specifically states that Ms. Young has no right to appeal because it is a "non-adverse" decision. The "non-adverse" nature of the decision stemmed from the Ms. Stillman-Toomey assertion that previous decisions allegedly had determined Ms. Young had no right to specialized services, even though Ms. Stillman-Toomey states that DPW never informed Ms. Young of those determinations.

7

letter was generated five days before Defendants filed their summary judgment; references previous decisions that were not produced; and contradicts sworn testimony by another OMR official and the former Superintendent of SMRC. See Pl.'s Br. in Opposition to Defs.' Motion for Summary Judgment and Reply Br. in Support of Pl.'s Motion for Partial Summary Judgment at 23.

Respectfully submitted,

Dated: June 6, 2002     By: /s/ Robert W. Meek

Robert W. Meek
Robin Resnick
Disabilities Law Project
1315 Walnut Street, Suite 400
Philadelphia, PA 19107-4798
(215) 238-8070

and

Mark J. Murphy
Disabilities Law Project
1901 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219-1505
(412) 391-5225

Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I, Robert W. Meek, hereby certify that true and correct copies of Plaintiff's Reply Brief in support of its Motion to Strike Certain Exhibits to Defendants' Motion for Summary Judgment and Exhibit A to that Reply Brief were served on the following by first class mail, postage prepaid on June 6, 2002:

>Michael L. Harvey, Esquire
>Senior Deputy Attorney General
>Office of Attorney General
>Strawberry Square
>Fifteenth Floor
>Harrisburg, PA  17120
>
>Howard Ulan, Esquire
>Senior Assistant Counsel
>Department of Public Welfare
>Office of Legal Counsel
>Health & Welfare Building
>Third Floor West
>Harrisburg, PA  17120
>
>Thomas J. Blazusiak, Esquire
>Senior Assistant Counsel
>Department of Public Welfare
>Office of Legal Counsel
>Allentown State Hospital
>Room 130 Medical Services Building
>1600 Hanover Avenue
>Allentown, PA  18103

_____
Robert W. Meek